Langhoff, Admr., etc., vs. Milwaukee and Prairie du Chien Railway Co. et al.

LANGHOFF, Admr., etc., vs. THE MILWAUKEE AND PRAIRIE DU CHIEN RAILWAY COMPANY and another.

*Negligence.*

In an action for the killing of plaintiff's intestate by defendants' trains, while she was attempting to cross their two adjacent tracks, it appearing that the deceased must have seen and known that two trains were approaching on said tracks side by side, and, with the exercise of any care, must have known that they were running at a much greater rate of speed than usual, and the circumstances were such as would have prevented any prudent person from attempting to pass, the court should have set aside a verdict for the plaintiff and ordered a new trial.

APPEAL from the Circuit Court for *Rock* County.

Action under the statute against the *Milwaukee & Prairie du Chien* and the *Chicago and North-Western Railway Companies*, for the killing of Mary E. Langhoff, plaintiff's intestate, by trains on defendants' roads, at a street crossing in the city of Janesville, through the negligence, as is alleged, of defendants' servants, and while said trains were running at an unlawful rate of speed and racing with each other upon adjoining tracks at said crossing. The separate answers of the defendants deny most of the material averments of the complaint, and allege negligence on the part of the deceased. A report of a decision on a former appeal will be found in 19 Wis. 489–98. The evidence on the new trial was very voluminous, and will not be stated here. The jury found for the plaintiff, and assessed the damages at $10,000. The defendants moved for a new trial, on the ground, among others, that the verdict was based upon insufficient evidence; and, the motion having been denied, they appealed from the judgment.

*Finches, Lynde & Miller*, for the *Milwaukee & Prairie du Chien Company*.

*John Winans*, for the respondent.

Langhoff, Admr., etc., vs. Milwaukee and Prairie du Chien Railway Co. et al.

DIXON, C. J. When this cause was formerly here on appeal from the judgment of nonsuit (19 Wis. 489), we said that, were we satisfied from the evidence that the deceased knew the speed at which the trains were moving, or that she could reasonably have calculated it, or that she knew that there were two trains running nearly side by side over the two roads, we might then agree that the nonsuit was proper. The cause has now been fully tried on its merits, and much testimony upon these points taken which did not before appear; and from this testimony we are quite satisfied there can be no recovery in the action. It now not only appears that Mrs. Langhoff must have seen and known that the two trains were approaching side by side, or nearly so, but also that with the exercise of any care on her part she must have known that they were running at a much greater rate of speed than usual. The additional testimony not only convinces us of these facts, but it shows that, looking at the trains, she paused for a moment at or near the tracks, as if to consider whether she might safely proceed or not. She proceeded, and the fatal result shows the recklessness of her conduct. No prudent person would have attempted the passage under such circumstances; and the inference of negligence is so clear and unavoidable that no jury can be justified in returning a verdict for the plaintiff. People who knowingly or deliberately take such risks must suffer the consequences of their own want of care or errors of judgment. Without, therefore, dwelling upon the evidence, which we deem to be unnecessary, we must reverse the judgment, and remand the cause for a new trial.

*By the Court.*—Ordered accordingly.