HAAS, Adm'r, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

RAILWAYS. *(1) Speed of trains in cities.*
VERDICT: NEGLIGENCE. *(2) Special verdict set aside as inconsistent.*

1. The statute regulating the speed of railway trains in cities was passed *in favorem vitæ*, and its strict observance will be enforced by the courts.
2. While defendant's train was running at an unlawful speed within the limits of a city, a boy nearly ten years of age ran towards it for the purpose

Haas, Adm'r, vs. The Chicago & Northwestern Railway Company.

of crossing the track in front of it, and, in attempting to cross, was killed. The jury found that he was in a position to see the train before he ran upon the track, and that he had sufficient intelligence to know the danger he was incurring; but also found that, in the circumstances of the case, he could not have avoided the injury by the exercise of ordinary care and diligence. There was no evidence tending to show any necessity for his crossing before the train should pass. *Held*, that the findings are inconsistent, and a judgment against the defendant must be reversed for a new trial.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff's intestate, William Luedke, was struck and killed by a train on defendant's track at the Washington street crossing in the city of Milwaukee. This action was brought, under the statute, to recover damages for such killing, which is alleged to have been caused by defendant's negligence. The complaint charged, as specific acts of negligence, that the defendant had no sign-board over the street at the crossing where the accident happened, with the words " Look out for the cars," as required by the statute; that the engine bell was not rung before crossing the street; and that the train, while within the city limits, and while crossing the traveled streets, was going faster than six miles an hour, to wit, at the rate of twenty miles per hour. The evidence showed that the deceased, at the time of the accident, was nine years and nine months old, and a bright, intelligent boy; that he had to go along Washington street and across the track in question, every time he went to school; that he frequently spoke of the trains, and of the number of cars they had; that when the accident happened, deceased was going to the ship-yard from school, in company with another boy ten years old; that they had been running for a considerable distance, and were running when they crossed the track; that the companion of the deceased saw the train, and they hurried to get across ahead of the engine; that they were side by side until just before they reached the track, when one of them got a little ahead, and missed the engine, and the other was caught

by the cow-catcher; that the train could have been plainly seen, and there was nothing to obstruct the view of the boys for a distance of from a quarter to a half mile; that the street in question had but little travel as compared with the principal streets of the city, and it was estimated that from fifty to two or three hundred people crossed it daily.

There was considerable conflict of testimony as to the rate of speed of the train, and also as to whether the whistle was sounded and the bell rung.

A special verdict was asked, and eighteen questions were submitted to the jury, to be answered in their verdict. They found, among other things, that the rate of speed was from twelve to fifteen miles per hour; that no bell was rung nor whistle sounded before the train crossed the street, and no flagman was at the crossing; that the train could have been stopped after the fireman saw the boys, before reaching them, at the speed it was running, by the use of ordinary care and diligence; that the two boys ran straight along from the Milwaukee & St. Paul track, without stopping, until the one crossed the Northwestern track, and the other was killed; that the deceased was in such a position that he could see the approaching train at and before the time he ran upon the track, and incurred the injury; that he had sufficient intelligence to know that it was dangerous to run upon or across a railroad track in front of a passing train; that the rate of speed was dangerous, considering the situation of the street and track, and without reference to the statute limiting the rate of speed to six miles per hour; that the defendant was guilty of negligence, (1) in running at too great a rate of speed; (2) in not ringing the bell or sounding the whistle; (3) in having no flagman or signboard; and (4) in not attempting to stop the train when life was in danger; that the deceased, by the exercise of ordinary care and diligence, taking into consideration his age, intelligence, and all the facts and circumstances surrounding the case, could not have

avoided the injury; and that he did not, through the want of ordinary care and diligence, contribute to the injury. The damages were assessed at $3,000. Successive motions by the defendant, for a judgment in its favor upon the special verdict, and for a new trial, were denied; and from a judgment in plaintiff's favor, defendant appealed.

*L. S. Dixon*, for the appellant:

1. The *onus* is upon the plaintiff to show proper care. There must be affirmative testimony of this character to entitle the plaintiff to recover. There is none in this case. *Reynolds v. N. Y. C. & Hud. Riv. R. R. Co.*, 58 N. Y., 248; *Johnson v. R. R. Co.*, 20 id., 73; *Crafts v. Boston*, 109 Mass., 519; *Allyn v. R. R. Co.*, 105 id., 77; *Wheelock v. R. R. Co.*, id., 203; *Mayo v. Railroad*, 104 id., 140; *Murphy v. Deane*, 101 id., 455, 463; *Smith v. First Nat. Bank in Westfield*, 99 id., 608; *Hickey v. R. R. Co.*, 14 Allen, 429, 431; *Todd v. R. R. Co.*, 7 id., 207; *Lake Shore & Mich. S. R. R. Co. v. Miller*, 25 Mich., 282; *Chamberlain v. R. R. Co.*, 7 Wis., 425, 431; *Dressler v. Davis*, id., 527. 2. The evidence shows, on the contrary, that the boys were in reality running a race with the cars, striving to cross before the engine should reach the highway, making a perfectly clear case of contributory negligence. *Rothe v. Railroad Co.*, 21 Wis., 256; *Cunningham v. Lyness*, 22 id., 245, 247, 248; *Langhoff v. Railway Co.*, 23 id., 43, 44; *Micks v. Marshall*, 24 id., 139, 142; *Butler v. Railway Co.*, 28 id., 487, 489; *Delaney v. Railway Co.*, 33 id., 67, 72; *Brown v. Railway Co.*, 58 Me., 384; *Chicago v. Starr*, 42 Ill., 174; *J. M. & I. Railroad Co. v. Bowen*, 40 Ind., 545; *Singleton v. Railway Co.*, 97 E. C. L., 287; *M. & E. Railroad Co. ads. Haslan*, 4 Vroom, 147; *Artz v. Railroad Co.*, 34 Iowa, 153; *Wilcox v. Railroad Co.*, 39 N. Y., 358; *Mitchell v. Railroad Co.*, Alb. L. J., Aug. 5, 1876, p. 100. 3. When it is settled that the deceased knew that it was dangerous to cross the track, the same principles apply to him as to an adult. His intelligence and experience, and his

knowledge of the danger, being conceded, it was negligence *per se* for him to approach the track as he did; and the question of contributory negligence became one of law for the court, and should not have been submitted to the jury. *Ewen v. R'y Co.*, 38 Wis., 613, 630, 631; *Phila. City Pass. R'y Co. v. Hassard*, 75 Pa. St., 367–377; *Thurber v. R. R. Co.*, 60 N. Y., 335, 336; *B. & O. R. R. Co. v. Breinig*, 25 Md., 378; *N. P. R. R. Co. v. Heileman*, 49 Pa. St., 60; *Hanover R. R. Co. v. Coyle*, 55 id., 396; *Penn. R. R. Co. v. Beale*, 73 id., 504; *Telfer v. R. R. Co.*, 30 N. J. Law, 188; *Allyn v. R. R. Co.*, 105 Mass., 77; *Gaynor v. Railway Co.*, 100 id., 208; *McGrath v. R. R. Co.*, 59 N. Y., 471; *Gorton v. Erie R'y Co.*, 45 id., 664; *Davis v. R. R. Co.*, 47 id., 400; *Wilcox v. R. R. Co.*, 39 id., 358; *Ernst v. R. R. Co.*, 35 id., 9; *S. C.*, 39 id., 61; *Beisiegel v. R. R. Co.*, 34 id., 625; *S. C.*, 40 id., 9; *Havens v. Erie R'y Co.*, 41 id., 296; *McCall v. R. R. Co.*, 54 id., 642; *Gonzales v. R. R. Co.*, 38 id., 440; *Baxter v. R. R. Co.*, 41 id., 502; *Belton v. Baxter*, 54 id., 245; *Lake Shore, etc., R. R. Co. v. Miller*, 25 Mich., 274; *Kelly v. Hendrie*, 26 id., 255; *Bellefontaine R'y Co. v. Hunter*, 33 Ind., 365; *St. L., A. & T. H. R. R. Co. v. Manly*, 58 Ill., 300; *Chicago & Alton R. R. Co. v. Gretzner*, 46 id., 74; *C. & N. W. R'y Co. v. Sweeney*, 52 id., 325; *G. & C. U. R. R. Co. v. Loomis*, 13 id., 548; *Mercier v. R. R. Co.*, 23 La. An., 264; *Stubley v. London & N. W. R'y*, L. R., 1 Ex., 13; *Cliff v. Midland R'y Co.*, L. R., 5 Q. B., 218.　4. This action cannot be maintained, because all the acts of negligence alleged in the complaint were created by sec. 42, ch. 76, R. S., and that statute has been repealed; and also because such acts of negligence are embraced in ch. 119, Laws of 1872, which provides a remedy, both penalties and civil action therefor, and the remedy thus given is exclusive.　R. S., ch. 79, sec. 42; id., ch. 13, Laws of 1872; ch. 119, sec. 43, 52–55; Sedgw. Stat. and Con. Law, pp. 75–77; *Smith v. Hoyt*, 14 Wis., 252; *Schieve v. State*, 17 id., 253; *State v. Ingersoll*, id., 631;

*Woodbury v. Shackleford*, 19 id., 55; *Goodno v. Oshkosh*, 31 id., 130; *Hall v. Hinckley*, 32 id., 362; *Smith v. Lockwood*, 34 id., 72; *Smith v. Lockwood*, 13 Barb., 209; *Almy v. Harris*, 5 Johns., 175; *Renwick v. Morris*, 7 Hill, 575; *Dudley v. Mayhew*, 3 Coms., 9; *Franklin Glass Co. v. White*, 14 Mass., 286; *Thurston v. Prentiss*, 1 Mann. (Mich.), 193; *People v. Craycroft*, 2 Cal., 243.

For the respondent, a brief was filed signed by *L. Wyman* as his attorney, and by *Frank B. Van Valkenburg*, of counsel; and the cause was argued orally by *H. M. Finch*. They argued substantially as follows: 1. The fact that ch. 79, R. S., provided for the doing of certain specific acts, as the ringing of a bell at street crossings, does not render the omission to take those precautions any less negligence than it was before, but only shows that the legislature considered their omission special acts of negligence. The cause of action here is not a new one created by ch. 119 of 1872, and the remedy given by that statute was not exclusive. *Arnet v. Insurance Co.*, 22 Wis., 516; *Hall v. Hinckley*, 32 id., 362; *Smith v. Lockwood*, 34 id., 72. 2. The nonsuit was properly refused. *Ewen v. Railway Co.*, 38 Wis., 613. 3. "If, upon any legitimate construction of the evidence, the verdict can be supported, and the court below has refused a new trial, this court will not interfere." *Smith v. Wallace*, 25 Wis., 55; *Vilas v. Mason*, id., 310; *Jones v. Evans*, 28 id., 168; *Van Doran v. Armstrong*, id., 236; *Oleson v. Talford*, 37 id., 327; *Cremer v. Portland*, 36 id., 92; *Sabine v. Fisher*, 37 id., 376; *Chappel v. Oregon*, 36 id., 145; *Ingles v. Patterson*, id., 373; *Wright v. Insurance Co.*, id., 522; *Murphy v. Dunning*, 30 id., 296; *Bacon v. Bacon*, 34 id., 594; *Roberts v. Railway Co.*, 35 id., 679. 4. The questions had been agreed upon by counsel for both parties, and were proper ones for the jury to answer. *Kavanaugh v. Janesville*, 24 Wis., 618; *Wheeler v. Westport*, 30 id., 392; *Duffy v. Railway Co.*, 32 id., 269; *Barstow v. Berlin*, 34 id., 357. The instructions given by

the judge to the jury in relation to them were within the rule of law. *Thurber v. Railroad Co.*, 60 N. Y., 326; *Carr v. Railroad Co.*, id., 633; *Ewen v. Railway Co.*, 38 Wis., 615.

RYAN, C. J. The evidence amply sustains the negligence of the appellant in running its train at a reckless speed across traveled streets of the city, in violation of the statute. The statute was passed *in favorem vitæ*, and a strict observance of it is essential to public welfare. This court has repeatedly given it construction and enforced it. *Langhoff v. Railway Co.*, 19 Wis., 489; *Martin v. Railroad Co.*, 23 id., 437; *Horn v. Railway Co.*, 38 id., 463; *Ewen v. Railway Co.*, id., 613. We wish that we could so emphasize it as to induce railway companies to prevent, or public officers to prosecute, criminal disregard of its wise and humane provisions, by persons in charge of running trains. It is the duty of such persons to obey the law implicitly and strictly. It is not for them to speculate when the law may be safely disobeyed; or when, as in this case, the violation of the law may be safely continued, in the presence of danger. If railway authorities will not enforce the duty of these men, in this regard, the conviction and punishment of some of them for manslaughter might teach others a salutary and needed lesson. The negligence of the appellant's servants in this case was so gross that we are very reluctant to disturb the judgment.

But it is impossible to sustain it. The evidence on both sides tended strongly to show contributory negligence on the part of the deceased. The cause will probably be tried again; and new evidence may vary or qualify the facts. We therefore refrain from ruling, on this appeal, whether or not the evidence appears to us sufficient to establish contributory negligence as matter of law for the court. *Langhoff v. Railway Co.*, 23 Wis., 43; *Delaney v. Railway Co.*, 33 id., 67; *Jalie v. Cardinal*, 35 id., 118.

Haas, Adm'r, vs. The Chicago & Northwestern Railway Company.

It appears that the deceased and another boy saw the train approaching the street on which the deceased was killed, and ran towards the train for the purpose of crossing the track in front of it. The other boy appears to have reached the track a little in front of the deceased, and to have crossed, at fearful risk of his life, a very short distance in front of the engine. The deceased appears to have tried to do the same, and was killed. He was a boy of nearly ten years of age; and the jury found that he was in a position to see the train, before he ran upon the track; and that he had sufficient intelligence to know the danger which he was incurring. And yet they found that, in the circumstances of the case, he could not have avoided the injury by the exercise of ordinary care and diligence.

We cannot but regard these findings as inconsistent with each other. There is nothing in the case tending to show any overruling necessity to the unfortunate boy to incur the fearful and fatal risk; nothing to show why he and his companion, one or both, could not have stopped and awaited the passing of the train. The attempt to cross appears to have been a wanton exposure of life to instant and terrible danger. And surely if the deceased had sufficient intelligence to comprehend the danger, as the jury found, he could have avoided it by the easiest exercise of ordinary care, by simply obeying the most natural instinct of any intelligent creature in the circumstances, by merely stopping in absolute security until the train had passed.

In the light of the evidence, we hold the two findings of the jury to be absolutely inconsistent; and that the verdict, taken altogether, did not warrant the judgment. *Bach v. Parmely*, 35 Wis., 238.

The judgment of the court below must therefore be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.

Both parties moved for a rehearing.

In support of the appellant's motion, its counsel argued that where the facts are found by special verdict, the trial court should enter judgment for the party entitled to it as matter of law; and that where there was no error prejudicial to the respondent in the rulings or instructions of the trial court, but it rendered judgment on the special verdict for the wrong party, the appellate court may properly correct the error by directing the trial court to enter judgment for the appellant, and should always do so unless there is some defect in the verdict which makes it impossible to render judgment for either party, and so creates a necessity for a new trial. *Stephens v. Cowan*, 6 Watts, 513, and English authorities there cited; *Brown v. Ferguson*, 4 Leigh, 37, 56; *Butler v. Hopper*, 1 Wash. C. C., 499, 502; *Pittsburgh etc. R. R. Co. v. Evans*, 53 Pa. St., 250. When the facts touching a question of contributory negligence are all ascertained, it then becomes a mere conclusion of law. Such of the answers of the jury in this case as involved mere conclusions of law, should be rejected, and the trial court should be required to enter the judgment to which defendant is entitled upon the facts appearing clearly from the other findings of the jury. *Hatfield v. Lockwood*, 18 Iowa, 298–9; *Pittsburgh etc. R. R. Co. v. Evans*, and *Butler v. Hopper*, *supra; Monkhouse v. Hay*, 8 Price, 256. And it matters not what may be the opinion of the court upon the evidence itself, provided the findings of fact show contributory negligence, and there was sufficient evidence to take the questions of fact so found to the jury.

2. In reply to the argument of respondent's counsel for a rehearing, the appellant's counsel further contended that it was clear from the evidence that the deceased not only *could* but *did* see the approaching train; but it is sufficient that he *could* see it, as the jury have found. If it were found absolutely that he did not see the train, yet if he might have seen it by using his senses, he was guilty of contributory negli-

gence.  *Rothe v. Railway Co.*, 21 Wis., 256, and other cases cited in former brief.

The respondent's counsel argued, 1. That if the two findings referred to in the opinion are inconsistent, then the special verdict is too defective to support a judgment for either party.   2. That the jury did not find that the deceased *did* see the train, and the fact that he *could* have seen it if his attention had been called to it, but did not in fact see it, because of the absence of every signal of danger and the unlawful speed at which the train was running, is not inconsistent with the other fact found, viz., that he could not, with the ordinary care and diligence required of such. an infant, have avoided the injury.

Both motions were denied.