BURNS vs. THE NORTH CHICAGO ROLLING MILL COMPANY.

*April 16 — May 15, 1884.*

*(1) Special verdict: Instructions. (2) Railroads: Negligence: Inconsistent verdict: New trial.*

1. Where a special verdict is demanded, the trial court may, in its discretion, limit its instructions to such matters as are necessarily involved in the questions submitted; and the instructions as to such matters should be given in connection with the questions, and not as general instructions in the case.
2. In an action for an injury received by collision with a train while crossing a railroad track, the evidence of defendant's negligence being weak, and the special findings bearing upon the question of plaintiff's negligence being inconsistent, the refusal of the circuit court to grant a new trial is *held* erroneous.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for injuries to the person of the plaintiff and to his wagon, caused by a collision with a moving train while he was attempting to cross the track of the defendant's railroad. A motion by the defendant for a nonsuit, made at the close of the plaintiff's testimony, was denied. The court submitted to the jury for a special verdict, forty-four questions proposed on behalf of the defendant, and seventeen questions proposed on behalf of the plaintiff. The answers to such questions so far as they are material to the decision, and other facts, will sufficiently appear from the opinion.

The tenth and eleventh instructions asked by the defendant, referred to in the opinion, were as follows:

" *Tenth.* If the jury find from the evidence that the plaintiff was advised either by signals, lights on the train, or hollering *(sic)* to him to look out, or the ringing of the bell; and further find from the evidence that plaintiff, if he had been listening or properly looking out, could have seen the signals or heard the bell in time to prevent the collision, then, and under such circumstances, the plaintiff cannot recover.

" *Eleventh.* If the jury find from the evidence that the plaintiff was guilty of a slight want of ordinary care, contributing to the injury, as he approached the track where the collision occurred, it will defeat his recovery, however gross defendant's negligence may have been, provided the defendant's act was not wilful and malicious."

In addition to the special verdict the jury found a general verdict in favor of the plaintiff. A motion for a new trial was denied, and from a judgment entered upon the special verdict in favor of the plaintiff, the defendant appealed.

For the appellant there were briefs by *Finches, Lynde & Miller*, and oral argument by *W. P. Lynde* and *W. P. Lynde, Jr.*

For the respondent there was a brief by *Johnson, Riet-brock & Halsey,* and oral argument by *Mr. Johnson.*

TAYLOR, J. This action was brought to recover damages for an injury sustained by the plaintiff while crossing the track of a railroad owned and used by the defendant company at Bay View, near the city of Milwaukee. The accident occurred between seven and eight o'clock in the evening of the 18th of October, 1881, at a place where the company's railroad track crosses a public highway leading from Bay View to the city of Milwaukee. The plaintiff was driving an express wagon with one horse, and as he came upon the crossing a train of cars loaded with coal was backing down across the street. There were twelve or thirteen dump cars, and the engine was pushing the cars ahead of it, so that the engine was about 150 feet from the plaintiff and his wagon, when he was struck by the coal car at the end of the train.

The jury found a special verdict, upon which the court directed a judgment for the plaintiff. The company appeals, and alleges that the court erred, *first,* in refusing to order a nonsuit on the ground that the evidence of the plaintiff showed conclusively that the plaintiff was guilty of negligence which directly contributed to the accident, and because the evidence failed to show any negligence on the part of the defendant; *second,* in refusing to give the tenth and eleventh instructions asked by the defendant; *third,* in giving improper instructions to the jury; *fourth,* in refusing to grant the motion to set aside the verdict and for a new trial.

After reading the whole evidence, as presented by the bill of exceptions, we have very grave doubts whether there is any negligence shown on the part of the railroad company which would justify a verdict against it, and at the same time we find considerable evidence tending to show negligence on the part of the plaintiff which contributed to the

injury; but we are not prepared to say, as a matter of law, that there was such an entire want of evidence showing negligence on the part of the company, nor that there was such conclusive evidence of negligence on the part of the plaintiff as would justify the court in taking the case from the jury upon either of said issues.   We cannot say, therefore, that the circuit judge erred in refusing to nonsuit the plaintiff upon either of the points urged by the appellant.

Whether the exception taken to the refusal of the court to give the tenth and eleventh instructions asked, and the exceptions to the instructions given, were well taken or otherwise, we do not deem it necessary to determine.   We deem it proper, however, to suggest that, when the jury are called upon to render a special verdict, the trial court may, in its discretion, limit its instructions to such matters as are necessarily involved in the questions of fact submitted to them.   Of the sixty-one questions which the jury were required to answer as their special verdict, there were but three to which the instructions asked and refused, or to which the instructions given and excepted to, could have any application.   They are the thirty-sixth question, submitted at the request of the defendant, viz., " Do you find for the plaintiff or defendant? " and the ninth and tenth questions submitted by the plaintiff, viz., " Was the plaintiff guilty of negligence on his part which contributed to bring about the collision? " and, " Was the defendant guilty of negligence in running its train over said crossing without having any flagman at said crossing, and with only such precautions as were in fact taken to avoid collision? "   All the instructions as to what constituted negligence on the part of the plaintiff as well as on the part of the defendant should have been given to the jury in connection with these questions, in order to aid them in giving a proper answer to each, and not as general instructions in the case. ·

This case is, we think, another instance of the abuse of

the statute, which gives a party to an action the right to demand a special verdict from the jury. There were sixty-one questions submitted for them to answer, and it is not strange that the answers are somewhat inconsistent, indefinite, and contradictory. On account of these defects in the answers to the questions submitted, and in view of the weakness of the evidence to sustain a verdict in favor of the plaintiff, we are of the opinion the court erred in refusing to set aside the verdict and grant a new trial.

To the eleventh question by defendant the jury say that " the plaintiff was notified, before he reached the track on which the cars were coming, to look out, but not in time to avoid a collision." To the twelfth they say: " The plaintiff did not heed the notice to look out because he could not;" and to the twenty-second they say: " The plaintiff could, had he looked, have seen the lights of the brakemen or the lights on the locomotive at any time before he reached the track on which the collision occurred." To the sixth question of the plaintiff the jury say that " the crossing was so situated that the plaintiff, in the exercise of ordinary care, could not see the approaching train, as the light and weather were, in time to avoid the collision."

These findings, when read in connection with others showing that the plaintiff did not look on either side of the track, north or south, before he reached the crossing; that the night was very dark; that the train was moving slowly, about as fast as a man would walk; that the plaintiff was walking his horse before and at the time he entered upon the railroad track; that his horse was gentle and easily managed,— do not seem consistent with each other. Under such circumstances it would seem that if the plaintiff was notified, before he reached the track, to look out for the train, and he had been in the exercise of ordinary care, he could have stopped without going upon the track; and the finding of the jury that he could not do so in time to avoid

the collision, seems to us inconsistent with the finding that he was warned of the danger before he reached the track.

The answer to the sixth question is also inconsistent with the answer to the twenty-second question of the defendant. By the answer to the twenty-second question the jury say plaintiff could have seen the lights of the brakeman and on the locomotive at any time before he reached the track where the collision occurred, had he been looking for the same; and by their answer to the sixth question of the plaintiff, they say the crossing was so situated that the plaintiff could not see the approaching train, as the light and weather were, in time to avoid a collision. There is a clear inconsistency in these findings, and they tend to show at least a disposition on the part of the jury to distort the evidence in order to make a case favorable to the plaintiff.

These findings are subject to the same objections as the findings in *Haas v. C. & N. W. R'y Co.*, 41 Wis., 44; *Kearney v. C., M. & St. P. R'y Co.*, 47 Wis., 144; *Lawton v. R. C. Ins. Co.*, 50 Wis., 163; and *Cottrill v. C., M. & St. P. R'y Co.*, 47 Wis., 634; and in this case, as in the cases cited, the verdict should have been set aside and a new trial ordered.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.