NELSON, Respondent, vs. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY, Appellant.

*October 2 — October 23, 1894.*

*Railroads: Injury to person at highway crossing: Contributory negligence: Failure to look.*

Plaintiff was injured by a passing construction train while attempting to drive across defendant's track. He was a teamster by trade, and knew the surroundings perfectly, and knew that this train was running at all times. While approaching the track he had looked and had seen no train, but had afterwards stopped for a minute or more behind a building thirty feet distant from the track, which cut off his view in the direction from which this train came, and had then driven towards the track without looking in that direction until he had passed the building twelve or fourteen feet and his horses' heads were within four or five feet of the track. *Held,* that he was guilty of contributory negligence.

APPEAL from the Circuit Court for *Douglas* County.

This is an action to recover damages for personal injuries. The defendant's track runs directly through the village of Iron River from east to west. Main street, in said village, runs north and south, and crosses the track substantially at right angles. The defendant's right of way is sixty-six feet in width, and its track is in the center of the right of way, and is straight for about 2,000 feet east of Main street. On the morning of the 17th of November, 1892, in the day time, the plaintiff was driving a team of horses on Main street and approaching the track from the south. The team was attached to a lumber wagon, and plaintiff stood up about the middle of the wagon. At the southeast corner of Main street and the right of way stood a store building, which cut off the view of the track east of Main street to any person approaching on Main street from the south, until he arrived at a point about thirty feet from the track. The plaintiff had looked up the track to the east before reaching this building, but saw no train. He stopped his team when in front of the store, and readjusted the wagon box, and stayed there about a minute, as he testifies. When he had done this, he drove forward down an incline of about three feet towards the track, his team walking and under control. An engine was pushing a train of loaded flat cars from the east, and when the horses got within four or five feet of the track they became frightened at the approaching cars, jumped forward two or three jumps across the track, and the forward car of the train struck the wagon, throwing plaintiff out and inflicting serious injuries. There was evidence that the train was running very fast; that there was no lookout on the forward car; and that no whistle was blown or bell rung.

The jury returned a special verdict, by which they found (1) that the train was negligently operated; (2) that such negligent operation of the train caused plaintiff's team to

become unmanageable, by reason of which plaintiff was carried in front of the train and was injured; (3) that such negligence was the proximate cause of plaintiff's injury; (4) that plaintiff was not guilty of contributory negligence; (5) that plaintiff's damages were $10,000. A motion for a new trial was overruled, and from judgment for the plaintiff on the verdict the defendant appealed.

For the appellant there was a brief signed by *Catlin & Butler* and *Carl C. Pope*, attorneys, and *A. B. Eldredge*, of counsel, and oral argument by *Mr. Pope*. They argued, among other things, that a person crossing the main track of a railroad must take notice that trains are liable to be passing at any time, and he must stop, look both ways, and listen before attempting to cross, if he would fulfill the requirements of ordinary care. *Martin v. Bishop*, 59 Wis. 417; *Williams v. C., M. & St. P. R. Co.* 64 id. 1, 4; *Gunn v. W. & M. R. Co.* 70 id. 203; *Seefeld v. C., M. & St. P. R. Co.* id. 216; *Winstanley v. C., M. & St. P. R. Co.* 72 id. 375; *Abbot v. Dwinnell*, 74 id. 514; *Schmolze v. C., M. & St. P. R. Co.* 83 id. 659; *Hansen v. C., M. & St. P. R. Co.* id. 631. He must use his senses to avoid danger. *Ernst v. H. R. R. Co.* 35 N. Y. 9; *Havens v. Erie R. Co.* 41 id. 296; *Harty v. Cent. R. Co.* 42 id. 468; *Gorton v. Erie R. Co.* 45 id. 660; *Morrison v. N. Y. C. & H. R. R. Co.* 63 id. 643; *Shaw v. Jewett*, 86 id. 616; *Mo. Pac. R. Co. v. Moseley*, 6 C. C. A. 641; *Rhoades v. C. & G. T. R. Co.* 58 Mich. 263; *Lake Shore & M. S. R. Co. v. Miller*, 25 id. 274; *Haas v. G. R. & I. R. Co.* 47 id. 401; *Carver v. D. & S. Plank R. Co.* 61 id. 584; *Matta v. C. & W. M. R. Co.* 69 id. 109; *Brady v. T., A. A. & N. M. R. Co.* 81 id. 616; *Grostick v. D., L. & N. R. Co.* 90 id. 594. Knowing all the circumstances as the plaintiff did, it was extreme rashness of him to drive down to the track as he did. *Achtenhagen v. Watertown*, 18 Wis. 331; *Hopkins v. Rush River*, 70 id. 11; *Hausmann v. Madison*, 85 id. 187.

For the respondent there was a brief by *Swift, Murphy & Bundy*, and oral orgument by *R. E. Bundy*. To the point that plaintiff was not guilty of any contributory negligence, they cited *Winstanley v. C., M. & St. P. R. Co.* 72 Wis. 375; *Seefeld v. C., M. & St. P. R. Co.* 70 id. 216; *Roberts v. C. & N. W. R. Co.* 35 id. 679; *Duffy v. C. & N. W. R. Co.* 32 id. 269; *Siegel v. M. & N. R. Co.* 79 id. 404; *Valin v. M. & N. R. Co.* 82 id. 1; *Bower v. C., M. & St. P. R. Co.* 61 id. 457.

WINSLOW, J. There was ample evidence to justify the finding of the jury that the train was negligently operated at the time of the accident. The vital question in the case is whether the finding that plaintiff was not guilty of contributory negligence is justified by the evidence. The plaintiff was a man twenty-two years of age, a teamster by trade, and had lived at Iron River a year and a half. He knew the surroundings perfectly, and knew that this construction train was running at all times. According to his own testimony, he started from behind the store after having looked to the westward and listened for a train from the east. He does not claim even to have looked to the east after he got out from behind the corner of the store, until his horses' heads were four or five feet from the rail of the track. He was standing up in the wagon, about twelve or thirteen feet back of the horses' heads. Thus, it is clear that when he first looked to the east he had passed the corner of the store somewhere from twelve to fourteen feet. Unless there was some obstruction in the way which would prevent his looking up the track after he passed the corner of the store, he was certainly negligent, as matter of law, in not looking. The case is not as if he had been advancing steadily along the street and his view had only been momentarily cut off by the building. In such case, if he had looked up the track be-

fore passing in front of the building, and seen no train, it might well be that the question whether he could be excused from looking the instant he passed the building would be one for the jury. In the present case he had stopped a minute or more in front of the building, where his view of the track to the east was entirely cut off. This effectually destroyed the value of any previous look eastward, and imposed on him a greater obligation to use his eyes at the first practicable opportunity. There is some evidence that there were some piles of stumps in the right of way along the north side of the store, which would partially impede the view of a man standing on the ground. This evidence is quite vague and unsatisfactory, and the plaintiff's leading witness on the point testifies that from the center of Main street, opposite the northwest corner of the store, you could see 125 feet down the track. This witness also says that if a man were standing in a wagon he could see a great deal better. However the evidence may be as to the view of a man on the ground, there is no witness, not even the plaintiff himself, who testifies that the view of a man standing in a wagon would be materially obstructed by the stumps or by the small cut which existed east of Main street. To justify a man in driving out from behind a building thirty feet distant from a railroad track towards the track, where he knows trains may be expected at any time, without attempting to use his eyes, there certainly must be some substantial evidence that such attempt would be futile. The evidence seems to us to show clearly a case of contributory negligence on the part of the plaintiff.

*By the Court.*— Judgment reversed, and action remanded for a new trial.