GLONEK, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS
& OMAHA RAILWAY COMPANY, Appellant.

*January 29—February 18, 1913.*

*Railroads: Injury to person on street: Defective crossing: Negligence
in operating train: Contributory negligence: Evidence: Ques-
tions for jury.*

1. In an action for injuries to plaintiff who, after her foot had been
   caught between the rail and a plank beside it at a street cross-
   ing of the defendant's railway, was struck by a train, the evi-
   dence is *held* sufficient to sustain findings by the jury that the
   crossing was insufficient for public use and that defendant was
   negligent in the operation of the train.
2. Evidence in such case, tending to show that the train was about
   three blocks away when plaintiff attempted to cross the track,
   that had she not been caught and fallen she would have had
   ample time to cross, and that the day was stormy, windy, and
   dusty so that one could not see more than three blocks, to-
   gether with her own testimony that she looked and listened
   before going upon the track and saw no train coming, was
   sufficient to support the verdict to the effect that plaintiff was
   not guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Douglas
county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This is an appeal by the defendant from a judgment of the
circuit court in a personal injury action. The action was
brought to recover for personal injuries sustained by plaint-
iff May 5, 1911, by coming in contact with a freight engine
at the intersection of the railroad track and Elm avenue in
the city of Superior. The negligence alleged is that the ap-
pellant used old, rotten, and splintered planks in its track
where the same crossed said street and improperly placed and
failed to keep the same in repair, in consequence of which
large openings were left, and that the crossing over said
street was unsafe, defective, dangerous, and unfit for public
travel; that the train was run at a high and dangerous rate of
speed without warning and carelessly and negligently oper-
ated and managed.

Appellant admitted the injury, but denied negligence on its part and alleged negligence on the part of plaintiff.

The jury returned the following verdict:

"(1) Did plaintiff on May 5, 1911, suffer injury to her person as a result of being struck by a train on defendant's track at the point where said track crosses Elm avenue in Superior? *A.* (by the court). Yes.

"(2) Was defendant's crossing at the time and place where the plaintiff claims to have been injured, insufficient for public use? *A.* Yes.

"(3) If you answer question 2 'Yes,' did the defendant have notice of such insufficiency as that by the exercise of ordinary care it should have remedied it before plaintiff was injured? *A.* Yes.

"(5) Was defendant guilty of any want of ordinary care in not discovering plaintiff and stopping the train in time to avoid the accident? *A.* Yes.

"(7) If you answer question 2 'Yes' and question 5 'Yes,' then were the insufficiency of the crossing, and want of ordinary care on defendant's part in not discovering the plaintiff in time to avoid the accident, the proximate cause of plaintiff's injury? *A.* Yes.

"(8) Was plaintiff guilty of any want of ordinary care in the premises which contributed to produce her injury? *A.* No.

"(9) What amount of money will reasonably compensate the plaintiff for her injury? *A.* $1,500."

The usual motions were made by appellant, which were denied and judgment entered in favor of the plaintiff and against the appellant, from which this appeal was taken.

For the appellant there was a brief by *Geo. W. Peterson* and *Solon L. Perrin,* and oral argument by *Mr. Peterson.*

*W. P. Crawford,* for the respondent.

KERWIN, J.   The jury found the defendant guilty of negligence as charged, acquitted the plaintiff of any contributory negligence, and assessed plaintiff's damages at $1,500. The court below sustained the verdict of the jury on all points.

Under the familiar rule of this court the judgment of the court below sustaining the verdict of the jury upon the facts cannot be disturbed unless clearly wrong.

The assignments of error raise two questions, namely, (1) the negligence of the defendant; and (2) the contributory negligence of the plaintiff.

There is credible evidence to support the finding on both questions, therefore the judgment cannot be disturbed. A very vigorous attack is made by counsel for appellant upon the sufficiency of the evidence to support the verdict. The evidence tends to show that while plaintiff was crossing the track of defendant at the intersection of Elm avenue in the city of Superior, Wisconsin, and carrying a child in her arms, her foot was caught in the opening between the rail and the plank beside the rail in consequence of the defective and insufficient condition of the crossing over defendant's track; that when plaintiff's foot became caught she fell upon the track, the child was thrown from her arms, and she was struck by the train, thrown off the track, and injured. Several photographs were put in evidence, which indicate a rather bad, defective, and insufficient condition of the crossing. The condition appearing from the photographs is corroborated by other evidence given upon the trial. There was also evidence tending to show negligence in the operation of the train by defendant. True, there is a sharp conflict in the evidence on these points, but the credibility of the witnesses and the weight of the evidence was for the jury.

It is also insisted by appellant's counsel that the evidence shows that the plaintiff was guilty of contributory negligence, and that upon that question the verdict is not supported by the evidence. Counsel presses this point, apparently, with great confidence. It is said that the point is "almost beyond discussion;" that the approaching train was in full view of plaintiff from a point 350 feet north of the crossing, and several cases in this court are cited as controlling,

namely: *Koester v. C. & N. W. R. Co.* 106 Wis. 460, 82 N.
W. 295; *Nelson v. D., S. S. & A. R. Co.* 88 Wis. 392, 60 N.
W. 703; *Schneider v. C., M. & St. P. R. Co.* 99 Wis. 378, 75
N. W. 169; *Cawley v. La Crosse City R. Co.* 101 Wis. 145,
77 N. W. 179; *Vant v. C. & N. W. R. Co.* 101 Wis. 363, 77
N. W. 713; *Langhoff v. M. & P. du C. R. Co.* 23 Wis. 43;
*Haetsch v. C. & N. W. R. Co.* 87 Wis. 304, 58 N. W. 393;
*Groesbeck v. C., M. & St. P. R. Co.* 93 Wis. 505, 67 N. W.
1120; *Lockwood v. Belle City St. R. Co.* 92 Wis. 97, 65 N.
W. 866.

We shall not prolong this opinion by a review of the fore-
going cases. It is sufficient to say that the facts in these
cases differ quite materially from the facts in the instant case.
In the instant case there is evidence that the train was about
three blocks away when plaintiff attempted to cross, and the
jury would be well warranted in finding that had she not
been caught and fallen she had ample time to cross, and that
it was not contributory negligence to cross when the train was
at such a distance. There is evidence that plaintiff got up
after falling and after her foot had been extricated from be-
tween the plank and rail, and was struck as she was about to
cross the last rail of the track upon which the train was ap-
proaching. True, there is evidence that plaintiff was about
twelve feet from the track when the engine was about twelve
feet from her and that she made an effort to get across in
front of the engine. But on this as on other points the credi-
bility of the witnesses was for the jury. There is credible
evidence in the record to support the verdict that plaintiff was
not guilty of contributory negligence.

There is evidence that the day was stormy, the wind blow-
ing, and dust in the air, so one could not see over three or four
blocks. One witness testified that at the time plaintiff fell
upon the track the train that struck her was two blocks and a
half away. Plaintiff testified that she looked and listened be-
fore going on the track, saw no train coming on the track she

crossed, could not see more than three blocks; "it was awful stormy and wind blowing, dusty; just cloudy like, wind blowing." We shall not review the evidence further on this point. We think it ample to support the verdict.

The case is quite similar in facts to *Hughes v. C., St. P., M. & O. R. Co.,* which was before this court twice (122 Wis. 258, 99 N. W. 897, and 126 Wis. 525, 106 N. W. 526), in which case it was held that the evidence was sufficient to support the verdict.

We are convinced that no error was committed.

*By the Court.*—The judgment is affirmed.