## VISHER *v.* WEBSTER.

WHERE the proofs are conflicting it is not error in the Court below to refuse a new trial.

Where the judgment below is reversed on appeal, and a new trial had, the costs of the first trial are part of the final bill of costs.

The fact that instructions given by the Court are lost or mislaid before a motion for new trial is heard, is no ground to suspend the hearing of the motion, or for new trial.

The Judge below is presumed to know what instructions he gave the jury, and, if those written are out of the way, he may resort to other evidence, or his own memory.

The Supreme Court cannot receive evidence otherwise than through the statement, or the record.

A sale of personal property without delivery, is not absolutely void, but only so as to creditors and subsequent purchasers.

A Court is not bound to give an instruction erroneous on its face, even though the error be insufficient to reverse the judgment, no injury being done.

Where B put in a crop on land leased of D, the lease providing that D was to have one-half the crop after expenses paid, and, subsequently D, by written contract, sold to B all his right, title, and interest, in the crop which was then growing: *Held*, that the fact that D was on the premises and occupied a house there, shows no possession of the crop as against B, under the contract.

The declarations of a vendor of personal property after the sale, not good to impeach the title of the vendee.

To admit them as part of the *res gestæ*, clear and unequivocal possession by the vendor must be shown.

The possession and ownership of the vendee, in such cases, after sale, may be shown by his acts, his dealing with the property, but not by his mere admissions.

APPEAL from the Fifth District.

To the facts in the opinion add, that, by contract under seal, dated September, 1854, Dennis leased to plaintiff a tract of land for one year, under the stipulation in the lease, that plaintiff was to put in the crop of grain, and, after the expenses of sowing, harvesting, and threshing were paid, to give Dennis one-half, as rent. Plaintiff took possession, hired men, furnished provisions, and put in the crop of wheat, barley, and oats. Personally, however, he lived some eighteen miles from the land, and was there only once or twice a week. Dennis worked and slept on the ranch most of the time, plaintiff paying him the usual wages of fifty dollars per month. He slept under a tree, not in the house. When harvesting began, about June 1st, 1855, plaintiff came and lived on the ranch, going home each Saturday night. On the 31st day of May, 1855, Dennis, by a contract under seal, sold to plaintiff all his interest in the crop then growing. Thirteen hundred and sixty bushels of grain were harvested by plaintiff and put in the adobe house on the ranch. On the 6th day of October, 1855, the defendant, as Sheriff, levied on this

grain in the adobe, under a writ of attachment against the property of Dennis.   On the trial defendant offered to prove declarations made by Dennis as to the sale by him to plaintiff of his half interest in the crop.   The declarations offered, were made, five months after the sale, to the Sheriff's Keeper at the time of hauling the grain away, and were to the effect that he, Dennis, owned half the grain ; that the Sheriff should not take it away without weighing it, so that he, Dennis, could know how much was his, and that, accordingly, the Sheriff divided the grain by taking a sack and leaving a sack.   Defendant also offered these declarations to rebut the testimony of plaintiff's witnesses as to putting in the crop, and possession by plaintiff.   The precise question put by defendant to witness was, "Why did he forbid you from taking it away ? what reason did he give for his conduct ?"   The question was objected to ; the Court sustained the objection, defendant excepting.   Plaintiff had judgment and defendant appeals.

*Baine & Bouldin,* for Appellant, to the point, that the Court erred in refusing the instruction asked by defendant, that after a sale of personal property, the possession of the vendee must be exclusive and continued, cited : (2 Kent's Com. 517 ; 1 John. Ch. R. 483 ; 7 Paige R. 165 ; 2 John. Ch. R. 46 ; 4 Cal. R. 289.)

The Court erred in excluding Wheeler's evidence, at the point of our exception in relation to it, concerning the claim of Dennis to this grain, when the same was being removed under the authority of the Sheriff.   This was an act of dominion on the part of Dennis which was a part of the *res gestæ.*   The grain was in sacks, on the ranch, undivided, and Dennis' assertion of ownership is an act of dominion, and not declarations made after a sale.

But this evidence was proper in another point of view.   "Evidence may be admissible in one point of view and not in another."   (1 Phillips' Ev. 199, 171, 200.)   And this was competent to rebut the evidence tending to prove the plaintiff's exclusive possession.

*D. W. Perley,* for Respondent.

The declarations of a vendor made *after the sale,* cannot be given in evidence to defeat the title derived from him in a suit

to which he is a stranger. (Martin v. Kelly, 1 Stewart, 198; Landecker v. Houghtaling, 7 Cal. 391; Visher v. Webster, Id.)

*L. Sanders, Jr.* also for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, J. concurring.

Trespass against the Sheriff for seizing plaintiff's grain.

Defendant justified by process against one Dennis, and a claim that this was his property, or subject as his to the writ. The question was, whether there was fraud in a sale of this grain by Dennis to the plaintiff, and this question depended upon conflicting proofs.

1. The assignment of error which assails the refusal of the Court to grant a new trial, therefore, is not sustained.

2. There was a previous trial. Verdict and judgment for the plaintiff were had, which judgment was reversed in this Court. The Court below refused the motion of defendant to exclude the costs of this first trial from the bill of costs. We see no error in this refusal. No authority has been cited to show that it was the duty of the Court to allow the motion; and we think the law and the practice are the other way.

3. Some instructions given by the Court on the trial were lost or mislaid before the motion for a new trial was heard; and upon this ground the defendant moved to suspend the hearing of the motion until they should be found, and also to grant a new trial on account of the loss. The Court refused the motion.

The Judge must settle the statement. He is presumed to know what instructions he gave the jury. The best evidence is, undoubtedly, the written charge; but, if that is out of the way, other evidence, or his own memory, may be resorted to to enable him to make known the instruction. But we cannot receive evidence otherwise than through his statement or the record; and, if we could, the Appellant has not furnished it.

4. It is assigned as error that the Court refused to charge the jury that, after a sale of personal property by a vendor, the possession of the vendee must be exclusive and continued as against the vendor; and if the vendor remained in possession, in conjunction and in common with the vendee, then the sale is absolutely void. We do not so understand the law. The sale is

good as between the parties, whether possession be delivered, or not; and only void as to creditors and subsequent purchasers. A Court is not bound to give an instruction upon its face erroneous, though the error might not be sufficient to reverse the judgment if the charge were given. The error may be excused in some cases, on the ground that no injury was done; but the Court is never bound to charge bad law. Nor can we say that so broad a proposition had not a tendency to mislead the jury. Moreover, it is not at all certain that the rule invoked applies to a case like this. Here, by the terms of the contract of 1854, Visher was to have possession of the crop, reimburse himself for expenses, etc. the remainder to be divided. By the last contract, of 31st May, 1855, Dennis sold all his right, title, and interest, by deed, in the crop then growing, to plaintiff; and it seems Visher, if he did not have it before, took all the possession of the crop, of which it was susceptible, even supposing that this grain, then growing, was a mere chattel. Unless some fraud appeared in this first contract, we do not well see how or when Dennis ever had any possession of this grain. Nor do we see that any proof of possession of the grain itself, by Dennis, was made. The mere fact that he was on the premises, or in the occupancy of the house, shows no such possession in the face of a clear showing, by the deeds, that he had no right as against Visher.

5. The next error assigned is in excluding proof of Dennis' declaration in respect to the title of the grain, or his half interest in it. These declarations were made after his sale. They could not, therefore, affect the title he had parted with. Nor were they a part of the *res gestæ*, for no such clear and unequivocal possession was shown as to admit them on this ground. Nor was it proper to rebut the testimony of Lombard and Putnam Visher, for this testimony could only rebut their statements by showing some interest or course of dealing with the property. This could be proved by his acts—and was—it could not by his mere admissions.

Judgment affirmed.