29  281
f130 224
f130 299

# WILLIAM M. STODDARD v. L. L. TREADWELL AND GEORGE R. CARTER.

COSTS WHERE A NEW TRIAL IS AWARDED.—Where a judgment for plaintiff is reversed by the appellate Court, and a new trial is awarded, if plaintiff recovers judgment on the second trial, he is entitled to his costs in the Court below incurred on the first trial.

COSTS IN ACTION FOR MONEY.—In an action for the recovery of money or damages, the prevailing party is entitled to his costs, and the Court has no discretion in awarding them.

POINTS NOT NOTICED.—Points not made in the Court below, nor embraced in the grounds upon which the appeal was taken, will not be considered by this Court.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

This case will be found reported in 26 Cal. 294. On the re-trial, the Court allowed plaintiff his costs in the District Court incurred in the first trial.

The other facts are stated in the opinion of the Court.

*P. L. Edwards,* for Appellant.

*George R. Moore,* and *George Cadwalader,* for Respondent.

By the Court, SANDERSON, C. J.

Only a question of costs is involved in this appeal.

Two trials have been had in the case, in both of which the plaintiff was successful. From the first judgment the defendants appealed to this Court and obtained a reversal and a new trial. On the second trial the plaintiff filed a bill of costs in which he included the costs of the first trial. Thereupon the defendant made a motion to retax by striking out all costs claimed for and on account of the first trial, which was denied; and hence this appeal.

We think the ruling of the Court below is sustained by the uniform practice in this State, and by the decisions of this Court for many years, and we should not feel disposed to dis-

turb a rule so long established and uniformly observed, even if the weight of argument was opposed to it, which, however, we do not think is the case. The action is for the recovery of money or damages, and, under the four hundred and ninety-fifth and four hundred and ninety-seventh sections of the Practice Act, the prevailing party is entitled to costs as a matter "of course," which means as a matter of right. The question of costs in the cases provided for in those sections does not rest in the discretion of the Court, but they follow the judgment as a matter of course. The question of costs rests in the discretion of the Court only in such cases as are provided for in sections four hundred and ninety-eight and five hundred, and the present case is not embraced by the provisions of either. (*Gray* v. *Gray*, 11 Cal. 341; *Fisher* v. *Webster*, 13 Cal. 58; *Ex parte Burrill*, 24 Cal. 350.) If, as claimed by counsel for appellant, this rule is a harsh one, the fault lies with the statute and the remedy with the Legislature.

The point to the effect that the costs of the first trial, as taxed at the second trial, are in excess thereof as taxed at the first trial by a hundred dollars and more, and that therefore the judgment ought to be modified by a reduction of the amount to that extent, cannot be entertained by us, for the reason that no such point was made in the Court below, and for the further reason that it is not embraced in the grounds of the appeal, as set out in the transcript.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.