REUBEN HEWETT v. JESSE CHAPMAN ET AL.

*Jurors as witnesses—Proof of former testimony— Verdict.*

Jurors are competent witnesses to prove what testimony has been given upon a trial in which they have served. But they cannot be examined as to the elements of their verdict nor as to the deliberations by which it was reached; the verdict itself is the best evidence of the result of their deliberations.

Error to Kalamazoo. Submitted June 16. Decided June 21.

TROVER. Plaintiff brings error. Reversed.

*Oscar T. Tuthill* for appellant.

*Howard & Roos* for appellees.

MARSTON, J. This was an action of trover commenced in justice's court, where the plaintiff recovered judgment, which on *certiorari* to the circuit was reversed.

The plaintiff's claim was for a quantity of wood, cut from trees purchased from defendants and paid for in work and labor performed for them, and the defendants' position was that the plaintiff had brought an action of *assumpsit* for such work and labor and recovered a judgment in that action, and that therefore the trees and wood cut therefrom was not the property of the plaintiff.

In the present case the plaintiff, by calling as witnesses some of the jurors in the former case, sought to prove that the defendants in the *assumpsit* case gave testimony tending to show and recognizing plaintiff's title to the trees and wood cut therefrom. This was admissible. *Schulenberg v. Merchants' Bank of Canada*, 48 Mich. 102.

The defendants sought to show by the jurors in the *assumpsit* case, that in making or arriving at their verdict, they allowed the plaintiff for the full amount of labor claimed by him. This clearly was incompetent and properly rejected

by the justice. A juror may be called, like any other witness, to prove any fact pertaining to what took place in open court on the trial of a cause. To this extent he stands as would a third person or stranger to the cause, and if the facts sought to be proven could be shown by third parties present, they may be by the jurors. When however the jury retire to deliberate upon their verdict to be given, their conversations and discussions,—their deliberations,— cannot be inquired into. The result of their deliberations is the only material fact; it is the one fact upon which the jury agreed, and that can best be shown by their verdict.

We are of opinion that the rulings of the justice were correct, and that the judgment of the circuit court must be reversed with costs of this court and of the circuit.

The other Justices concurred.