MUNKWITZ, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 17 — November 3, 1885.*

RAILROADS: CONDEMNATION OF LAND. *(1) Speculative damages: Estimates of value based on future contingencies. (2) View. (3) Evidence: Award of commissioners.*

1. Estimates by witnesses of the damage done to land (most of which was under water) by the construction of a railroad across it, based upon the fact that such railroad would prevent the dredging of a canal along the whole length of the tract, by which the land could be filled up and rendered available for business purposes, are *held* improper to be considered in assessing the compensation to be made to the owner, where it further appears that such canal could not in any case be made unless it could be connected with an extension of an existing canal, and that the making of such extension is uncertain, depend·ng upon the acts and will of other persons and upon many contingencies.

2. The fact that the jury also viewed the premises cannot of itself sustain an assessment based upon such estimates.

3. Evidence as to the amount awarded by commissioners of appraisal is not admissible on the trial of an appeal from such award. [But where one of the commissioners who joined in the award is a witness on such trial, it may be proper to call his attention to the amount of the award for the purpose of affecting the weight of his testimony.]

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

*John W. Cary,* for the appellant, to the point that the amount awarded by the commissioners was not admissible in evidence, cited *Wooster v. S. R. V. R. Co.* 57 Wis. 311; *Watson v. M. & M. R. Co.* id. 332, 340; *Ennis v. W. R. B. R. Co.* 12 R. I. 73; *Sherman v. St. P., M. & M. R. Co.* 30 Minn. 227; *Central Bank v. St. John,* 17 Wis. 157; *Caswell v. C. & N. W. R. Co.* 42 id. 193; *Brown v. P., W. & B. R. Co.* 5 Gray, 35. To the point that remote, speculative, or conjectural damages should not be allowed, he cited, besides cases cited in the opinion, *Robbins v. M. & H. R. Co.* 6 Wis. 642; *Hutchinson v. C. & N. W. R. Co.* 37 id. 610; *S. C.* 41 id. 555; *Mount Washington Road,* 35 N. H. 134; *Searle v. L. & B. R. Co.* 33 Pa. St. 57; *Patten v. N. C. R. Co.* id. 426; *Selma, R. & D. R. Co. v. Keith,* 53 Ga. 178; *Jones v. C. & I. R. Co.* 68 Ill. 380; *Jacksonville & S. E. R. Co. v. Walsh,* 106 id. 253; 3 Sutherland on Damages, 442; Pierce on Railroads, 216, 217.

For the respondent there was a brief by *Nath. Pereles & Sons* and *E. P. Smith,* and oral argument by *Mr. Smith.*

ORTON, J. This was an appeal from the award of commissioners of damages to the plaintiff's land by the right of way across it of the defendant's railway. The jury found the damages separately at $2,000 for the land actually taken, and $4,000 as damages to the land adjoining. There was a motion for a new trial on the ground that the $4,000 damages were not supported by competent evidence. It seems that the witnesses who estimated such damages based their judgment almost entirely upon the fact that the railway crossing said lands would prevent the excavation of a canal the full length of said tract, by which such adjoining lands could be filled up and made available for business

purposes (the same being now mostly under water); and such canal cannot be so excavated without connection with an extension of the South Menomonie canal, west of Muskego avenue, and on the south side of said tract, which extension may or may not in the near future, or ever, be made, and which depends upon the will and acts of other persons, or the action of the public authorities, and is yet a mere project or scheme, depending on many uncertain contingencies. It is too clear for argument that such damages are too hypothetical, conditional, and contingent to be estimated with any certainty whatever. Such damages by reason of the railway may or may never exist. On this theory, these adjoining lands may or may never be depreciated in value by the railway. As I understand the testimony of other witnesses who estimated some damages to the adjoining lands by reason of the railway, they did so by considering them suitable for stock-yards after they are filled by means of said canal, which cannot be made unless it can have connection with the Menomonie canal so extended. Such damages are in the highest degree uncertain and speculative, and sanctioned by no authority cited by the learned counsel of the respondent, or that can be found.

The learned counsel on both sides cite the same authorities to sustain their adverse and opposite positions as to the true ground of estimating damages in respect to future and expectant conditions of this kind. These authorities do not appear to be difficult to understand. In *Snyder v. W. U. R. Co.* 25 Wis. 60, the controversy was as to the damages to the lands adjoining those actually taken, arising from the inconvenience and trouble of crossing the railroad in going from one part of the land to another with cattle and agricultural implements, and the danger to person and property, and exposure to fires, frightening teams, etc. Such damages were liable to occur at any time from present conditions, and were said in that case not to be remote and

speculative. In *Washburn v. M. & L. W. R. Co.* 59 Wis. 379, the damages were allowed to be estimated from the *present* adaptability of the lands to uses to which they might be put in the future, as that they might be platted into city lots. The rule in *Boom Co. v. Patterson*, 98 U. S. 410, is that the jury might estimate the value of the land "for the most advantageous use to which it may be applied." This rule limits the estimate to present and certain adaptability, independent of future contingencies and conditions uncertain and speculative.

These cases are especially relied upon to sanction the grounds of the estimate in this case, which were the building of a canal on the south side of this tract by other persons or by the public authorities, some time in the remote future, which may or may not be done, and the feasibility of excavating through the tract a canal in connection with such expected canal for the purpose of filling it up and making it available for business purposes, which would be prevented or obstructed by the railroad. The cases are very wide apart. The intervention of the South Menomonie canal is an element and a condition over which the owner of these lands has no control, and it is therefore impossible for him to render the same certain, either at present or in the future, as a basis of value.

In *Watson v. M. & M. R. Co.* 57 Wis. 332, in commenting on the charge of the court and instructions asked, Mr. Justice TAYLOR uses the following language, specially applicable to the above testimony: "The evidence of the probabilities of any part of the lands taken being more valuable for the use relied upon by the appellants were so remote, and *depended so much upon matters resting in the volition of persons over whom the appellants had no control*, we think the court did its entire duty when it permitted the appellants to present their theory of the evidence and argue it by counsel to the jury, without making it a matter of special

comment in his charge." The following charge was spe-
cially approved: "What was the fair market value of the
land *at that time for any purpose* for which it might be rea-
sonably used in the *immediate* future? Not what would
lots sell for *in the distant future if a street were opened* and
lots offered for sale," etc. This same limitation of the con-
ditions of the land is made in many earlier cases in this
court. In *Welch v. M. & St. P. R. Co.* 27 Wis. 108, Chief
Justice Dixon said in his opinion: "And whilst speculative
damages cannot be allowed, yet actual damages — its value
to the *owner, his* use being considered, must always be.
And in such case it will not do to say if the land was sepa-
rately owned, or separately used, or intended for some other
purpose, or belonged to some one else, the damage would
be so much the less, and therefore no more can be recov-
ered. The actual use and *intention of the proprietor*,
together with all surrounding circumstances, must be con-
sidered." See, also, *Driver v. W. U. R. Co.* 32 Wis. 569;
*Pinkham v. Chelmsford*, 109 Mass. 225; *Fairbanks v. Fitch-
burg*, 110 Mass. 224; *Powers v. H. & L. R. Co.* 33 Ohio St.
429. But it is needless to cite other authorities, as all seem
to agree that such damages are too remote and speculative
to be estimated in such a case.

The learned counsel of the respondent contends that as
the jury were allowed to view the premises their estimate
cannot be reviewed. The view of the premises by the jury
is for the purpose of assisting them in weighing and apply-
ing the evidence, and notwithstanding their view their esti-
mate must be supported by the evidence in the case. *Neil-
son v. C., M. & N. W. R. Co.* 58 Wis. 523; *Washburn v. M.
& L. W. R. Co.* 59 Wis. 379. It is clear that the damages
to the land contiguous to that actually taken, by reason of
the railway, were estimated by the witnesses at $4,000, in
view of such uncertain contingencies as were not proper to
be considered for such purpose, and that the verdict and

judgment to that extent rested upon such improper evidence, and are therefore erroneous.

It is assigned as error by the appellant to have asked the witness Dahlman, who was one of the commissioners, what was the amount of the award. That would have been error if the witness had been so asked merely to affect his own estimate of the damages, for the award has nothing to do with the case on trial, and the appeal opened the whole case for new evidence. *Wooster v. S. R. V. R. Co.* 57 Wis. 311. But the witness had given an opinion adverse to the award, and he was being cross-examined, and it might have been proper to call his attention to his award for the purpose of affecting the weight of his testimony if he had joined in the award. In that view we could scarcely say that it was improper and erroneous. But as he had not joined in the award the question was improper.

The motion for a new trial should have been granted.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.