HUGHES, by guardian *ad litem,* Respondent, vs. CHICAGO, ST.
PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Ap-
pellant.

SAME, Appellant, vs. SAME, Respondent.

*December 13, 1905—January 9, 1906.*

*Railroads: Injury at street crossing: Testimony of juror on former
trial who viewed the place: Guardians* ad litem: *Appointment:
Pleading: Expert testimony: Repairs made after accident:
Cross-examination: Instructions to jury: Proximate cause: Con-
curring acts of negligence: Costs of former trials.*

1. One who, as a juror on a former trial, viewed the railway cross-
ing where plaintiff was injured, may testify as to the condition
of such crossing at the time of such view, some months after
the accident, there being other evidence that the condition of
the crossing was then the same as at the time of the injury.

2. Failure to appoint a guardian *ad litem* for an infant plaintiff
goes only to his legal capacity to sue, and if not taken advan-
tage of by demurrer or answer is waived.

3. Where the complaint alleges due appointment of a guardian *ad
litem* for plaintiff and the answer is merely a general denial,
such appointment is admitted and the judgment binds both
parties.

4. In an action for injuries to plaintiff's foot it was proper to per-
mit a physician to testify that upon examination he found
tenderness of the foot, it not appearing that plaintiff told him
anything or that his testimony was based upon any informa-
tion except such as he received objectively.

5. In an action for injuries alleged to have been caused by reason
of plaintiff's foot having been caught between a rail and the
planking at a railway street crossing, an employee of the de-
fendant having testified as to the planking at such crossing
and that after the accident he had taken out a wooden block
from between the rails and changed the planking at the point
where plaintiff's foot was caught, was asked on cross-examina-
tion, "What did you take the block out for?" and answered,
"I took out the block and put in new planks." *Held,* proper
cross-examination, the evidence not being elicited for the pur-
pose of showing repairs after the accident, but relating to the
testimony in chief of the witness.

6. The decision upon a former appeal, upon evidence no stronger than that now in question, that a finding of negligence in respect to the condition of the crossing was sustained, is followed.

7. Refusal to give a requested instruction is not error where the point in question is properly covered by the general charge to the jury.

8. The insufficiency of a railway street crossing at the point where plaintiff's foot was caught, and the negligence of trainmen in not discovering him in that situation, may properly be found to have been together the proximate cause of the injury.

9. Sec. 2918, Stats. 1898, providing that "costs shall be allowed of course to the plaintiff . . . upon a recovery," does not limit such costs to a single trial, but covers the costs of the action, including former trials where the costs were not paid as a condition of a new trial.

APPEALS from an order and a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Judgment modified and affirmed.*

This action was brought to recover damages for personal injuries. The action was commenced in the superior court of Douglas county, tried there, and a verdict returned in favor of the plaintiff, which was set aside on motion of defendant on the ground that it was against the evidence. Afterwards a change of venue was taken to the circuit court for said county, where the case was again tried and resulted in judgment for plaintiff. Upon appeal to this court the judgment was reversed and a new trial granted on account of error in the admission of evidence. *Hughes v. C., St. P., M. & O. R. Co.* 122 Wis. 258, 99 N. W. 897. The third trial resulted in a verdict and judgment for plaintiff, from which this appeal was taken. The plaintiff taxed the costs of the three trials, and upon retaxation the court struck out the costs of the two former trials, and ordered judgment for plaintiff for the amount of damages found by the verdict and the costs of the last trial. The case is now here on appeal by defendant from the judgment in favor of plaintiff, and on appeal by plaintiff from the order disallowing the costs of the two former trials.

A sufficient statement of the case on defendant's appeal will be found in *Hughes v. C., St. P., M. & O. R. Co., supra.*

For the plaintiff there were briefs by *W. P. Crawford* and *W. D. Dwyer,* and oral argument by *Mr. Dwyer.*

*Solon L. Perrin,* for the defendant.    On the appeal by the defendant its brief was also signed by *Pierce Butler.*

KERWIN, J.    The complaint charges defendant with negligence in failing to provide and maintain its railway crossing at Ogden avenue, in the city of Superior, in a reasonably safe condition for public travel, and also negligence on the part of the engineer and fireman in causing the locomotive to be moved forward without keeping any lookout before starting and while approaching the place where plaintiff was injured. The jury found, in effect, that the defendant's crossing at the place of injury was insufficient for public use, in consequence of which plaintiff's foot became caught or fastened in a hole between the rail and a plank in the crossing; that defendant had notice of the insufficiency and was guilty of want of ordinary care in not discovering plaintiff and stopping its train in time to prevent the accident; that the insufficiency of the crossing and want of ordinary care on the part of defendant in not discovering plaintiff in time to prevent the accident were the proximate cause of plaintiff's injury; that plaintiff was not guilty of any want of ordinary care which contributed to produce his injury, and that he sustained $2,500 damages. On defendant's appeal numerous errors have been assigned, which will be considered in the order presented.

1. The first proposition advanced by counsel for appellant is to the effect that the testimony of members of the jury, who served on the former trial in the superior court, was not competent on a subsequent trial.    The jury, on such former trial, viewed the premises, and certain members thereof were called to testify on the last trial respecting the condition of the crossing where plaintiff was injured, and such evidence was re-

ceived over defendant's objection.   It is urged that because
the jurors obtained the information while acting as such in
making a view of the premises upon a former trial, they
should not be permitted to testify upon a subsequent trial to
physical facts coming to their knowledge during a view made
by them on a former trial.   The cases cited by counsel do not
go to the extent of holding this doctrine.   It has been held
that jurors may be called from the box to testify in the trial
of a case before them.   3 Wigmore, Evidence, § 1910, and
note.   Whether jurors may be called from the box to testify
in a case pending before them we need not consider, since that
question is not here.   Such a rule has been sanctioned in some
cases.   3 Wigmore, Evidence, *supra.*   Counsel cites *Wash-
burn v. Milwaukee & L. W. R. Co.* 59 Wis. 364, 18 N. W.
328; *Munkwitz v. C., M. & St. P. R. Co.* 64 Wis. 403, 25 N.
W. 438; *Seefeld v. C., M. & St. P. R. Co.* 67 Wis. 96, 29 N.
W. 904; and *Sasse v. State,* 68 Wis. 530, 32 N. W. 849, to
the point that the object of the view being to acquaint the jury
with the physical situation, condition, and surroundings of the
thing seen, the jurors are not competent to testify to facts com-
ing within their knowledge while making such view; but what
is said in these cases obviously has no reference to competency
of jurors to testify on a subsequent trial to matters of fact
coming within their knowledge while viewing premises on a
former trial.   The view of the premises on the former trial in
which it is made, is, as said in the *Washburn Case,* "to enable
the jurors better to understand the evidence on the trial," and
what the jury saw did not become part of the evidence in the
case, but the knowledge thus acquired was to enable them to
better understand the evidence and the weight of conflicting
evidence.   These cases, however, do not decide or intimate that
information thus received might not be given in evidence on a
subsequent trial.   This court has held that a justice of the
peace before whom a case was tried may be called upon a sub-
sequent trial and testify to what took place before him.

*Zitske v. Goldberg,* 38 Wis. 216, 229; *Eggett v. Allen,* 119 Wis. 625, 628, 96 N. W. 803. We are unable to discover any sound reason why a juror should be precluded from testifying to material, relevant facts coming to his knowledge while making a view of the premises, when called as a witness on a subsequent trial, and this doctrine seems to be well established by authority. *Hewett v. Chapman,* 49 Mich. 4, 12 N. W. 888; *Burdick v. Hunt,* 43 Ind. 381, 389; *Cramer v. Burlington,* 42 Iowa, 315; *Sands v. Robison,* 12 Sm. & M. 704. The case of *Cramer v. Burlington, supra,* is very similar in its facts to the one before us. At page 318 the court said:

"The plaintiff produced as a witness G. S. Grant, who had been a juror upon the former trial of the cause, and who, at the time, as such juror, examined the sidewalk, and asked him to state the condition of the sidewalk just at the place where the board was nailed across from the railing to the saloon. The defendant objected, because the witness was one of the jurors at the time, and that the witness must confine himself to the condition of the sidewalk prior to the time of the injury. The objection to the witness was overruled, and he was permitted to answer the question asked upon the statement of plaintiff that he expected to show that the condition of the sidewalk when examined by the witness was the same as when the accident occurred. In this action there was no error. A party cannot be deprived of the benefit of the testimony of a party, simply because he had been a juror upon a former trial of the cause."

It is further urged under this head that the testimony of the jurors was inadmissible for the reason that they saw the premises some months after the accident. But it is a sufficient answer to this objection that there was evidence tending to show that the condition of the crossing at the point of injury was the same at the time of the view on the former trial as at the time of the injury. It follows, therefore, that no error was committed in the admission of testimony of the men who had served on the jury on the former trial.

2. Error is assigned because plaintiff failed to prove the

appointment of a guardian *ad litem.* The complaint alleges due appointment and the answer is a general denial. Neither pleading is verified. The allegation in the complaint of due appointment is not denied, unless the allegation is met by the general denial of each and every allegation of the complaint. No proof was offered on the trial of the appointment of a guardian *ad litem,* and it is claimed on the part of the appellant that the omission of such proof is fatal to the plaintiff's right to recover. On the other hand, it is claimed by respondent that the general denial in the answer is not sufficient to put in issue the allegation of due appointment of a guardian *ad litem,* and further that under sec. 4200, Stats. 1898, which provides, in effect, that whenever the plaintiff shall sue as executor, administrator, guardian, or trustee, and shall allege in his complaint due appointment as such, such allegations shall be taken as true unless specifically denied by the defendant in his answer duly verified. And it is further contended that the question of appointment of guardian *ad litem* can only be raised by plea in abatement, which should be verified. Counsel further contends that the want of due appointment of a guardian *ad litem* goes to the plaintiff's legal capacity to sue and must be taken advantage of by demurrer or answer, or is waived. Without passing upon the former contentions made by counsel for respondent we think the latter must be sustained, and is a complete answer to the claim on the part of defendant that the failure to prove appointment of guardian *ad litem* is fatal in this action. Sec. 2649 provides that, when it appears upon the face of the complaint that the plaintiff has no legal capacity to sue, such defect may be reached by demurrer, and sec. 2653 provides, in effect, that when it does not appear upon the face of the complaint the objection may be taken by answer, and sec. 2654 provides that, if the objection be not taken by demurrer or answer, the defendant shall be deemed to have waived the same. So in the case before us, the want of legal capacity to sue not appearing upon

the face of the complaint, if the defendant desired to avail itself of this defense it should have set it up in its answer, and not having done so it was waived under the provisions of the statute.    *Webber v. Ward,* 94 Wis. 605, 69 N. W. 349. It is said that the due appointment of a guardian *ad litem* is necessary in order to make the judgment binding upon the defendant.    The allegations of the complaint show due appointment of Mary Hughes, guardian *ad litem,* and she appears on the record as such.    The allegations of such appointment being admitted because not properly put in issue, the due appointment is adjudicated and settled in the action, and the judgment is binding upon the infant plaintiff as well as upon the defendant.

3. It is claimed that the court erred in the admission of evidence of plaintiff and the witness Erickson respecting the comparative condition of the crossing at the time of the accident and the time of the first trial, on the ground that it had not been shown that the witnesses had any knowledge of the condition of the crossing at the time of the accident.    A careful examination of the evidence and the several assignments of error referred to under this head convinces us that this objection is without merit.    The plaintiff testified that the condition of the crossing at the time the jury examined it was about the same as at the time of the accident.    The evidence shows that the plaintiff knew the condition of the hole at the time he got his foot caught and the injury occurred, and he afterwards saw it at the time of the first trial, and from the testimony it appears quite clearly that he had sufficient information to testify to the condition at the time he was injured as compared with the time of the first trial.    The witness Erickson was present and only a few feet from plaintiff at the time of the accident, and had knowledge of the condition of the crossing and the defective condition thereof at the point of injury.    From a careful examination of the testimony on this point we are satisfied that the testimony of plaintiff and the

witness Erickson was competent, and the question of the weight to be given such evidence was clearly for the jury. Therefore no error was committed in refusing to exclude it. Counsel further contends under this head that error was committed in overruling defendant's objection to the testimony of physicians who were produced and testified upon the trial on the part of the plaintiff, and several cases are cited to the point that the questions objected to pertained to private inspections and examinations which embodied purely subjective symptoms and were, therefore, incompetent. An examination of these cases convinces us that they do not sustain defendant's contention. It appears that the evidence of the physicians offered, and which was objected to, was respecting objective symptoms, and had reference specially to what the physicians found on examination of plaintiff, and also as to whether the injuries were permanent or otherwise. The testimony objected to was directed to what the physicians found from their examination and not from anything that they were told by the plaintiff. It is well settled that such testimony is competent, and the rule is recognized in the cases cited by counsel for defendant. Dr. Connor, after testifying that he heard the testimony of the plaintiff in the case and the testimony of the surgeon who treated him, made an examination of plaintiff during the recess and had the clothing removed from both feet and examined them. He was then asked, "Did you find any evidence of tenderness of his feet, of one foot?" to which he answered "Yes," over defendant's objection, and further testified that he found tenderness. It does not appear that the plaintiff told him anything, or that his testimony was based upon any information except such as he received objectively. Such testimony was clearly competent.

Error is claimed because the court permitted, over defendant's objection, the witness Johnson to testify to reasons for removing the block from the crossing at the place where

plaintiff's foot was injured. And, as we understand counsel's contention, it is insisted that this evidence was improperly admitted as tending to show repairs after the accident, and incompetent to prove negligence at the time of the accident. The witness, an employee of defendant, was placed upon the stand and examined in chief respecting the crossing in question and described the putting in of the plank on the crossing on each side of the rail where plaintiff was injured, and illustrated how the crossing at the place of injury was fixed, and also testified to taking out the block in May before the case was tried the first time and changing the plank, and that the block might have been lower than the top of the Weber joint. On cross-examination the witness was asked, "What did you take the block out for?" and under objection answered, "I took out the block and put in new planks." It is claimed by appellant that it was error to permit the witness to testify to reasons for removing the block in question; but it will be seen that this evidence was drawn out on cross-examination and was not elicited for the purpose of showing repairs after the accident, but related to the testimony in chief of the witness upon the subject. It was legitimate cross-examination in view of the testimony on direct examination. The appellant had examined the witness fully concerning the crossing and the removal and condition of the block.

4. It is further assigned as error that the evidence is insufficient to show that defendant was guilty of a want of ordinary care in maintaining the crossing at the place in question. Upon this point little need be said. The question was settled on former appeal (122 Wis. 258, 99 N. W. 897) on evidence no stronger than that upon this appeal. The court, after referring to the claim of defendant that a verdict should have been directed because the finding of the jury to the effect that defendant's crossing was insufficient for public use was not sustained by the evidence, and after the recital of evidence

respecting the manner in which plaintiff was injured and the insufficient and defective condition of the crossing, tending to show negligence on the part of the defendant, said:

"Without further reference to the mass of evidence bearing upon the question, we must hold that the evidence is sufficient to sustain the finding of the jury above mentioned."

It would serve no useful purpose to extend this opinion in recital of evidence.   It is sufficient to say that there is ample evidence establishing the facts referred to in the opinion above quoted from, and upon well-settled principles the decision of this court upon the former appeal is binding here. *Pautz v. Plankinton P. Co., ante,* p. 37, 105 N. W. 482; *Zimmer v. Fox River V. E. R. Co.* 123 Wis. 643, 101 N. W. 1099.   Moreover, independent of the decision on former appeal, we are convinced that there is sufficient evidence to establish a want of ordinary care on the part of the defendant in maintaining the crossing in question.

5. The defendant further complains of error in the charge. Defendant request d the court to charge respecting question No. 6 as to whether plaintiff was guilty of a want of ordinary care which contributed to produce the injury as follows:

"If you find from the evidence that plaintiff's foot became caught or fastened upon the crossing, and also find that in failing to extricate himself or otherwise avoid the injury he was guilty of a slight want of ordinary care, then you must answer question No. 6 'Yes.'"

The court refused to give this instruction, but instructed the jury, substantially, that if they found from the evidence that the plaintiff's foot became caught or fastened upon the crossing, if they found it was caught, and that he could, by the exercise of ordinary care, have extricated it, or notified or caused others to notify defendant's trainmen in time to have enabled them to prevent the injury, then they must answer this question "Yes;" and further, that "if plaintiff was guilty of a slight want of ordinary care which contributed to produce his injury, you must answer question No. 6 'Yes.'"

We think the instruction given substantially stated the law upon the subject, and therefore defendant was not prejudiced by the refusal to give the instruction requested.

Counsel for defendant further complains of the refusal to charge respecting question No. 7 as follows: "Plaintiff is not entitled to recover damages for permanent injuries as the result of the injuries in this accident." We think no error was committed in refusing to give this instruction. There was sufficient evidence to go to the jury on the question of permanent injury. We deem further discussion of this assignment unnecessary.

Defendant assigns error on question No. 5 of the special verdict and the answer thereto. Question No. 5 is as follows:

"If your answer to the first question is 'Yes,' and your answer to the third question is 'Yes,' then were such insufficiency of the crossing and want of ordinary care on the part of the defendant in not discovering plaintiff in time to prevent the accident the proximate cause of plaintiff's injury?"

It is claimed under this instruction that the jury was permitted to find two several and independent acts of negligence to be one proximate cause of injury; and it is said that the failure to keep a lookout and insufficient crossing combined could not be the proximate cause of the injury. Defendant insisted upon the former appeal, as it does here, that the two combined acts of negligence on the part of defendant cannot be the proximate cause of an accident. This identical question was settled on former appeal (122 Wis. 258, 267, 99 N. W. 897) against the contention of defendant, and further discussion of it here is unnecessary. We have not specially treated all the numerous errors assigned by counsel for defendant, but only such as we deemed worthy of particular consideration. We may say, however, in passing, that all points raised have received such consideration as their importance required. We think the case was fairly tried below, and find no error prejudicial to defendant.

On plaintiff's appeal the question involved is whether the court erred in disallowing the costs on the two former trials. It is contended on the part of defendant that, since the court did not order payment of costs as a condition of granting the new trial, costs could not afterwards be taxed against the defendant in the judgment upon the last trial. The contention of defendant is that, costs being statutory, they cannot be allowed in the absence of statutory provision, and that the statute allowing costs to the successful party does not include costs on former trials, and he cites *Wis. C. Co. v. Kneale*, 79 Wis. 89, 48 N. W. 248; but it is very obvious that the rule of that case does not apply here. That was a special proceeding, and costs in special proceedings are not costs in the action, but are regulated by statutes applicable to costs in special proceedings, which are distinguished from the statutory provision regulating costs in actions. *State ex rel. Risch v. Trustees*, 121 Wis. 44, 98 N. W. 954, was a *mandamus* action to compel the board of trustees of the policemen's pension fund of the city of Milwaukee to place relator's name on the pension roll of the police department, and one of the questions considered was whether it was an action within the meaning of the statute so as to entitle respondent to costs, and it was held that it was, and that the right to recover costs in an action or other judicial proceeding depends upon the statute. The case in no way conflicts with the plaintiff's contention, but on the contrary supports it. Nor does *Sandberg v. State*, 113 Wis. 578, 89 N. W. 504, sustain defendant's contention, because there, the action being against the state, it was held that the general statute regulating costs did not apply, for the reason that "No court is authorized to render judgment for costs against the sovereign state, in absence of statute giving express authority." See cases cited 113 Wis. 589, 89 N. W. 507. So it will be seen that this case cannot be regarded as authority for defendant's position. Sec. 2918, Stats. 1898, regulating costs is broad and general and provides that "costs shall be allowed of course to the plaintiff in an action in the

circuit court upon a recovery. . . ." This statute clearly does not confine the costs of an action to a single trial, but covers the costs of the action and is broad enough to include costs of former trials where the costs were not paid as a condition of the new trial. Such has been held to be the rule in other states under similar statutes. *Visher v. Webster,* 13 Cal. 58; *Stoddard v. Treadwell,* 29 Cal. 281. The lower court, therefore, erred in denying plaintiff's costs on the first and second trials. Sec. 2918, Stats. 1898; *Walker v. Barron,* 6 Minn. 508; *Williams v. Smith,* 2 Caines, 253; *Visher x. Webster, supra; Stoddard v. Treadwell, supra; Knapp v. Curtis,* 9 Wend. 60; *Shreve v. Cheesman,* 69 Fed. 785, 16 C. C. A. 413; *Den v. Morris,* 3 Halst. 213.

On the first trial in the superior court verdict for the plaintiff resulted, and a new trial was granted on application of defendant, on the ground that the verdict was contrary to the evidence, but defendant was not required to pay costs. On the second trial there was a verdict for plaintiff, and on appeal to this court the judgment was reversed and a new trial granted, on the ground of error in the trial court in the admission of testimony, plaintiff paying the costs of appeal in this court. After the second trial the costs of the first and second trials were taxed in favor of plaintiff. After taxation of costs on the third trial at $381.33, on motion for review the court ordered retaxation and readjustment of the costs as taxed by disallowing the costs of the first and second trials, $256.06, and also eliminating from the cost bill three small items of costs of the third trial aggregating $1.96, and taxed the costs at $123.31. It follows from what has been said that the court erred in disallowing the costs of the first and second trials, taxed at $256.06.

*By the Court.*—The judgment of the court below in favor of plaintiff is modified by adding thereto $256.06, amount of costs of the first and second trials, and, as so modified, is affirmed.