HASWELL, Appellant, vs. REUTER, Respondent.

*March 9—April 6, 1920.*

*Automobiles: Accident at street intersection: Law of the road: Contributory negligence: Excessive speed: Proximate cause: Question for jury: Master's liability for gross negligence of servant: Ratification: Trial: View of premises by jury: Purpose: Instructions: Harmless error: Special verdict: Amendment by court: Appeal: Grounds assigned immaterial if ruling proper.*

1. In an action for damages because of a collision between two automobiles, a finding of the jury that plaintiff was guilty of contributory negligence is sustained by evidence showing

that he drove his car across a street intersection at the rate of about twenty miles an hour and speeded up somewhat to cross in front of the defendant, who had the right of way under sec. 1636—49, Stats.

2. To render an employer liable for the gross negligence of a servant in the course of his employment, it is not essential that there should be a ratification of such negligence on the part of the employer.

3. It is immaterial what ground is assigned by the trial court for its ruling if it be in fact correct.

4. Where the collision between the automobiles would not have occurred but for the excessive speed at which the plaintiff was driving, the plaintiff's negligence was the proximate cause of the collision, and the court properly changed the jury's answer to a question as to whether such negligence was the proximate cause from "No" to "Yes."

5. When the causal connection is clear it may be found by the court, but when not clear it is a question for the jury.

6. A view of the scene of the accident is taken for the purpose of enabling the jury to understand the evidence, and an instruction that the verdict must be based on the evidence and upon the view is error; but where there was nothing in the view which would enable the jury to determine which party was at fault, such error is not prejudicial.

7. A finding in a special verdict that plaintiff was guilty of a want of ordinary care is not inconsistent with a finding that he was not guilty of a want of ordinary care with reference to the manner in which he ran his automobile at and before the time of the collision, the former finding being general and being based on the driving of the automobile at excessive speed, and the latter relating only to the manner of driving the car other than with respect to speed.

APPEAL from a judgment of the superior court of Dane county: AUGUST C. HOPPMANN, Judge. *Affirmed.*

Action to recover damages to plaintiff's automobile sustained in a collision with defendant's truck at the intersection of Regent and South Park streets in the city of Madison, January 26, 1919. Plaintiff charges ordinary negligence in one count and gross negligence in another count of the complaint. The defendant answered and counterclaimed for damages to his truck, alleging separately both ordinary and gross negligence on the part of the plaintiff. At the close of the evidence the court granted defendant's

motion to dismiss plaintiff's cause of action founded upon gross negligence, and submitted the issues raised by plaintiff's cause of action charging ordinary negligence and the causes of action alleged in the counterclaim to the jury. Sanders was defendant's driver. The jury returned the following verdict:

"(1) Was Sanders guilty of any want of ordinary care with reference to the speed at which he ran the defendant's truck at and before the time of the collision? *A.* No.

"(2) If you answer question number 1 'Yes,' then answer this question: Was such want of ordinary care the proximate cause of the collision? *A.* ——.

"(3) Was plaintiff guilty of any want of ordinary care that contributed to the damage to his car and the injuries to himself? *A.* Yes.

"(4) What sum will measure the damage done to the plaintiff's automobile as a result of the collision? *A.* $590.11 (by the court).

"(5) What sum will measure the damages sustained by the plaintiff as personal injuries which he received as a result of the collision? *A.* None.

"(6) Was plaintiff guilty of gross negligence with reference to the speed at which he ran his automobile at and just before the time of the collision? *A.* No.

"(7) If you answer question 6 'No,' then answer these questions:

"(a) Was the plaintiff guilty of any want of ordinary care with reference to the speed at which he ran his automobile at and before the time of the collision? *A.* Yes (by the court).

"(b) Was such want of ordinary care with reference to the speed at which plaintiff ran his automobile, at and before the time of the collision, the proximate cause of defendant's damages? *A.* No.

"(c) Was plaintiff guilty of any want of ordinary care with reference to the manner in which he ran his automobile at and before the time of the collision? *A.* No.

"(e) If you answer question (c) 'Yes,' then answer this question: Was such want of ordinary care with reference to the manner in which plaintiff ran his automobile at and before the time of the collision the proximate cause of defendant's damages? *A.* ——.

"(f) Was Sanders guilty of any want of ordinary care that contributed to the damage to the defendant's truck? *A.* Yes.

"(8) What sum will measure the damage done to the defendant's truck as a result of the collision? *A.* $29.02 (by the court)."

The court changed the answer to question No. 7 (b) from "No" to "Yes," and upon the verdict so amended entered judgment dismissing plaintiff's complaint upon the merits and likewise defendant's counterclaim, with costs to the defendant. Plaintiff appealed.

For the appellant there was a brief by *Curkeet & Lewis* of Madison, and oral argument by *William R. Curkeet.*

For the respondent there was a brief by *Olin, Butler, Stebbins & Stroud,* and oral argument by *Byron H. Stebbins* and *Benj. H. Bull,* all of Madison.

VINJE, J. Did the court err in dismissing plaintiff's second cause of action based upon the alleged gross negligence of Sanders? It is true that the trial court gave as a reason for dismissing it that no ratification of Sanders's conduct was shown. While it is not essential in order to render a defendant liable that there should be a ratification on his part of gross negligence committed by his servant while in the course of his employment (*Craker v. C. & N. W. R. Co.* 36 Wis. 657, 668; *Schaefer v. Osterbrink,* 67 Wis. 495, 30 N. W. 922; *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304; *Johnston v. C., St. P., M. & O. R. Co.* 130 Wis. 492, 110 N. W. 424), still it is immaterial what ground the trial court assigned as the reason for his ruling if it be in fact correct. *Falkenstern v. Greenfield,* 145 Wis. 232, 130 N. W. 61; *Jeffers v. G. B. & W. R. Co.* 148 Wis. 315, 134 N. W. 900; *Garage E. M. Co. v. Danielson,* 156 Wis. 90, 144 N. W. 284. So the question remains, Was there any gross negligence on the part of Sanders? The ground is nearly level at the intersection of the two streets. Regent is paved with asphalt and is in fine

condition.   South Park has a macadam pavement that is somewhat rough.   The evidence shows that Sanders drove his truck, being a Ford car with a box for carrying milk, altogether weighing about 2,200 pounds, at a rate not exceeding from ten to fifteen miles per hour.   Indeed, the preponderance of evidence is that his speed was less.   The jury acquitted him of ordinary negligence as to speed, and properly so under the evidence.   The gist of the allegations of gross negligence in the complaint is excessive, wanton, and reckless speed on the part of Sanders.   Since there is a lack of evidence to show ordinary negligence in this respect, it follows as a matter of course that there is a failure to show gross negligence.

The jury found plaintiff guilty of contributory negligence.   He was driving east on Regent street and defendant was driving north on South Park street; the latter therefore had the right of way under sec. 1636—49, Stats. There was no obstruction preventing either driver from seeing the other for a distance of at least 150 feet back from the crossing and continuously from there to the crossing.   Plaintiff testified that he drove at a rate of about twenty miles an hour and that he presumed he speeded up some to get across.   He drove a Buick sedan weighing with its passengers about 4,650 pounds.   There is other evidence to sustain the finding that plaintiff drove at a great rate of speed considering the fact that he was about to intersect South Park street and that defendant was coming north on it and had the right of way.   In view of the answers of the jury to questions 3 and 7 (a) it is clear that the negligence of plaintiff consisted in an excess of speed, while that of the defendant, as shown by the answers to questions 1 and 7 (f), did not consist in excessive speed, but in the manner in which he handled his truck at or just before the collision.   At any rate it is clear that the jury negatived negligent speed on his part, and the only other evidence that would sustain a finding of negligence is the

manner in which he operated his truck when the collision was imminent. Since undisputed competent evidence shows plaintiff guilty of contributory negligence, a number of assigned errors become immaterial. We shall note only a few. That the collision occurred as the result of excessive speed on the part of plaintiff cannot well be doubted. He drove his car over the crossing just in front of the defendant, at a high rate of speed, when he should have yielded the right of way, and was struck by the truck before he cleared. In view of such undisputed fact, the court properly changed the answer to question 7 (b) from "No" to "Yes." It followed as a matter of law from the previous findings of the jury that plaintiff's negligent rate of speed was the proximate cause of the collision. But for such speed the collision would not have occurred. When the causal connection is clear it may be found by the court; when not clear it is a question for the jury. *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988.

The jury viewed the premises, and the court instructed them that the answer to each question of the special verdict "must be based wholly upon the view of the premises and the evidence which had been received during the trial." This was error. The finding must be based upon the evidence in the case and not upon facts disclosed by the view not in evidence. The view is taken for the purpose of enabling the jury to understand the evidence introduced and not for the purpose of furnishing original evidence upon which to base a verdict. *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328; *Munkwitz v. C., M. & St. P. R. Co.* 64 Wis. 403, 25 N. W. 438; *Seefeld v. C., M. & St. P. R. Co.* 67 Wis. 96, 29 N. W. 904; *Hughes v. C., St. P., M. & O. R. Co.* 126 Wis. 525, 106 N. W. 526. But the error was nonprejudicial. What the jury saw was the intersection of two nearly level paved streets. No defects in the streets or delicts of either party were visible. Nothing was seen upon which the jury could base a finding of

contributory negligence. That finding must have rested exclusively upon the evidence given upon the trial. The fact that the jury saw such a place of collision could not enable them to determine who was at fault. Therefore the erroneous instruction was harmless.

It is urged that the answers to questions 3 and 7 (c) are inconsistent. Question 3 is general, and, as before stated, the negligent speed of plaintiff required an affirmative answer. The court held so in answering question 7 (a) as to speed. Question 7 (c) relates to a negligent act arising from the manner in which the car was driven other than that of speed, and none was found—perfectly consistent with a finding of negligent speed.

Since the facts showed contributory negligence of plaintiff as to his cause of action and of defendant as to his cause of action, the court properly dismissed both complaint and counterclaim upon the merits.

*By the Court.*—Judgment affirmed.