ROSA JULIA MIRANDA, ETC., Plaintiff and Appellant, v. THE PORTO RICO RAILWAY, LIGHT & POWER Co., Defendant and Appellee. SAME, Plaintiff and Appellee, v. SAME, Defendant and Appellant.

Nos. 7103 and 6893. Argued May 28, 1936.—Decided July 16, 1936.

*Ismael Soldevila* for appellant. *J. Henri Brown, C. Ruiz Nazario, G. E. González* and *G. Benítez Gautier* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In a suit brought by Rosa Julia Miranda against the Porto Rico Railway, Light & Power Co. for damages, judgment was rendered in favor of the plaintiff, costs being imposed upon the defendant.

On May 13, 1934, the plaintiff filed her memorandum for a total sum of $4,058, of which $4,000 were claimed as attorney's fees. The defendant objected to the memorandum. Evidence was taken and the court on April 2, 1934, finally ordered the payment of $2,053.75.

Feeling aggrieved by the judgment, both parties appealed. Their appeals were perfected separately, but were heard on the same day. They will be treated in this single opinion.

In its brief the defendant assigns five errors committed in its judgment by the district court in granting $40 claimed for stenographer's fees, in deciding that the plaintiff was entitled to collect attorney's fees, in fixing the value of said attorney's fees at $2,000, in not taking into consideration the contract between the plaintiff and his attorneys by which the attorneys were entitled to receive fifty per cent of the claim and in not applying Section 327 of the Code of Civil Procedure and the decisions of this court interpreting the same. The plaintiff in turn maintains that the court erred in not admitting certain evidence and in not assessing the attorney's fees at $4,000.

The original suit within which the motion was presented was decided by the District Court of San Juan on August 9, 1920, at which time judgment was entered for the defendant. Appeal was taken from the judgment and it was reversed by this Supreme Court on April 17, 1923, leave being granted to the plaintiff to amend his complaint, and the case remanded for future proceedings not inconsistent with the opinion. 31 P.R.R. 738. The complaint was amended and the suit continued in accordance with the law and on February 20, 1928, the district court again rendered

judgment in favor of the plaintiff. Upon appeal this judgment was affirmed by this Supreme Court on July 24, 1931. 42 P.R.R. 694.

Bearing this in mind, we shall consider the questions raised upon their merits.

■ The appellant maintains that since the stenographic record for which the plaintiff paid the $40 claimed was prepared for the purposes of the first appeal, the plaintiff is not entitled to ask that he be reimbursed the expense so incurred. The defendant contends that even though this is so, it is also true that such transcript was used in the second trial. The district court granted the item, relying upon the doctrine established by this Supreme Court in the cases of *López* v. *American Railroad Co.*, 28 P.R.R. 248; *Cortés & Segura* v. *Cortés*, 43 P.R.R. 452; *Gandía* v. *Stubbe*, 37 P.R.R. 713; *Finlay* v. *Fabián*, 25 P.R.R. 45, and in our opinion its action was correct.

■ The other errors are all in connection with the attorney's fees. The fees were granted by the judgment and the judgment was affirmed in its entirety by this Supreme Court. Within the proceeding upon the allowance of the costs so awarded, a court may use its discretion in judging the greater or lesser obstinacy of the party for the purpose of determining the amount, but it does not have the power to alter the terms of a final judgment. The fundamental questions which the appellant now raises ought to have been raised on the appeal from the judgment.

■ The suit was important and the work of the attorneys long and arduous. A mere glance at the decisions of this court on the case and at the record, shows this to be so. We do not believe that the court, under the attending circumstances, abused its discretion in fixing the sum which it did.

What we have said disposes of the defendant's appeal. It must be dismissed. Similarly the plaintiff's appeal must also be dismissed.

■ The refusal to admit the evidence referred to in the first assignment—the testimony of one of his attorneys as to work on the first trial—caused no prejudice to the plaintiff whatever, since the court finally considered such work, basing itself upon the decision in the case of *Senior* v. *Anderson*, 130 Cal. 290, 299:

"As to the liability of the party ultimately defeated for the costs of previous trials, so far as the same are legitimate and properly taxed, it may be said, for the guidance of the court upon a new trial being had, that the party defeated is liable. Upon this point see *Stoddard* v. *Treadwell*, 29 Cal. 281, and the cases there cited. In *Shreve* v. *Cheesman*, 69 Fed. Rep. 789, it was said that the Colorado statute which provides that 'the prevailing party shall recover his costs to be taxed' authorizes him to recover all his costs in the action, including those of a prior mistrial, as well as those of the last trial. (Citing numerous cases from other states.)"

As to the amount of attorney's fees fixed by the court, we do not believe, in view of all the surrounding circumstances, that the plaintiff can in justice complain.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.